UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NAKIA ROSE,

                              Petitioner,

              -v-                                      9:11-CV-1519
                                                                   (DNH)

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

NAKIA ROSE
09-A-0768
Petitioner, pro se
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Currently pending is petitioner Nakia Rose's January 27, 2012, request to dismiss this action without prejudice to enable him to fully exhaust all claims he may subsequently bring in a future federal habeas corpus action filed by him pursuant to 28 U.S.C. § 2254. See Dkt. No. 7.[1]

Petitioner's request will be granted and this action will be dismissed without prejudice. Petitioner is advised to promptly file any collateral challenges to his

---

[1] Although petitioner's request to dismiss this action was signed by him on January 27, 2012, it was not docketed in this action until February 3, 2012, the date on which Rose's request was received by the Clerk.

convictions which he wishes to pursue in the state courts, and thereafter file a new § 2254 petition in this District after he has fully exhausted all claims he may wish to assert in a future habeas petition.[2]

Therefore it is

ORDERED, that

1. Petitioner's motion to dismiss this action without prejudice, Dkt. No. 7, is GRANTED; and

2. The Clerk serve a copy of this Order on the petitioner, and the Office of the Attorney General of the State of New York, in accordance with this District's Local Rules.

IT IS SO ORDERED.

United States District Judge

Dated: February 3, 2012
Utica, New York.

[2] Of course, any future federal habeas corpus action filed by Rose would be subject to the statute of limitations applicable to such proceeding. *See* 28 U.S.C. § 2244(d).